The first one is United States v. McClaflin, number 18-1217. Counsel, you may proceed. May it please the court, counsel. My name is Anne Talaferro and I represent the appellant in this case, Karen McClaflin. Miss McClaflin comes to the court with the overriding complaint that her sentencing was fundamentally unfair. And the unfairness was the consequence, if you will, of a number of colliding factors and procedures that took place. And it resulted in a sentencing procedure that was unfair and a sentence being imposed without consideration of all the information and of all the factors that are required for a sentencing court to take into consideration. The unfair sentencing procedure began, we've alleged, when the court, when the district court was unwilling to continue the matter for a brief two to three week period of time. And it was a continuance that was genuinely needed. Trial counsel in the case was admittedly not fully prepared. He admitted that he had not provided the court with information crucial to the sentencing with regard to Miss McClaflin's medical information. That came up on the day of the hearing, correct? That the counsel was not prepared. But the motion didn't mention that. Well. Well, was there a motion to continue before the date of hearing? Yes, there was. And that motion was about, is it McClaflin or McClaflin? I say McClaflin, but I'm probably incorrect as well. We'll go with what you say. I will say whatever the court wants to say. Well, don't go that far. But the motion didn't say anything about counsel initially, correct? It was just about her health situation? So the sentencing was initially set for some time in March, I believe. And counsel initially filed a sentencing, a request to continue the sentencing. Saying that she was having medical issues. She was having surgery. She'd been dealing with this hip infection for a very long period of time. So please continue the sentencing that was set, I believe, in March. For a six to eight week period of time. So that, and then set it for a sentence, or set it for a scheduling conference. So then at that point, they could determine what her medical condition was. So the court was aware of the medical condition? The court was aware that she was having medical issues. But at the time in June, when he wanted to extend it further. There was a doctor's letter that said there was no surgery imminent, right? So approximately, correct. Approximately a week before the scheduled May 10th sentencing date. Counsel again requested permission to continue the sentencing. For a brief two to three week period of time. Because he had not been able to ascertain her full medical condition. It is true that there was a doctor's note that indicated she was not going to have any new procedures. But they were still trying to deal with the infection. She was also starting, she couldn't walk. She didn't have strength. So she was also starting physical therapy. In that motion. But they have all of that in the federal penitentiary. They have pretty good hospitals. Well, that is true. But the reason that counsel wanted, a partial reason counsel wanted that continuance. Was to ascertain from the BOP what things were available. And whether they could indeed deal with the situation that they were dealing with. In that motion. Of course, he could have done that months before. Well, I don't know if he could have done that months before. About a week before the sentencing. He was still trying, they were still, her medical situation was in flux. So when the. But she had had this hip surgeries and infections since 2013, hadn't she? She had. And the infection would increase. Then it would be okay. Then they would have a surgery. They would put in a spacer. They would take out the spacer. And at the time of sentencing, her temperature was down. At the time of sentencing, her temperature was down. And there was a doctor's letter. And the district court pointed out that they have medical facilities at federal prison. And that is correct. I would also point out, however, that the full medical. I mean, again, the doctors indicated that she wasn't going to have a current surgery. But they were still trying to figure out her infection. And since sentencing, and this is in the record, just with regard to the docket. Her medical condition has worsened, which has required the. Is she still out of prison? She is still out because the court has stayed. Or not stayed the sentence, but suspended her reporting. Because the BOP, quite frankly, can't necessarily deal with it. So she wasn't prejudiced by this denial of a continuance? Well, I believe she was prejudiced because not only. Because the medical condition goes not only to her ability to appear at sentencing. Goes not only to her ability or the BOP's ability to take her. But it also goes to perhaps a variance. Because some courts have found that it is a mitigating circumstance for somebody who has severe medical issues, who is in severe pain, to be housed. But the court was aware of her medical history. Yes, but the court did not consider that in her sentencing. Well, but now you're conflating the procedural challenge, the procedural reasonableness challenge with the denial of a continuance. With regard to the denial of a continuance, to follow up on Judge Seymour's question, doesn't the fact that she hasn't been obligated to report, even as of now, because of this ongoing consideration of her medical problem, conclusive evidence that there was no prejudice to the denial of a continuance based on the inability to know her medical status at that time? Well, and I would say no, because the reason for the continuance wasn't only because of the medical issue. On that point, though, I mean, that's what you're, I mean, I realize that there were several arguments. Okay. But with regard to that part of your argument for a continuance. And I would indicate no, because yes, she has not reported yet, she still has a 96-month sentence hanging over her head. And had the court fully considered her medical issues, perhaps that would have been a reason for a variance. Was that ever argued to the district court, ever? Well, no, because the court, because trial counsel, as part of the request for a continuance, wanted to have that additional time to ascertain her condition and then provide a motion for a variance in a non-guideline sentence. So he, but I think the problem that I have with that argument is the defendant's counsel is specifically saying, Judge, I don't know the current status. It could be very severe. I'm not prepared. And he never went to the next statement and said, and if the condition is really bad, that might provide some additional ground for a variance. That wasn't at all what his argument was. It was, she might be too weak to appear at the sentencing. And we don't, as you pointed out, we don't know if BOP has adequate medical facilities. But he never argued that as part of his ground for continuance, that there might have been some additional ground for a variance. And I agree, I agree with that. What I'm trying, I obviously can't make an ineffective assistance of counsel claim right now. This is not an IAC claim. But what I am trying to make is the indication that the court, knowing that trial counsel was not prepared, knowing that there was not full medical information before the court, knowing that trial counsel wanted to file additional information by way of a motion for invariance, the court would not grant just an additional small two-week variance. I understand that trial counsel didn't do a lot of things that perhaps trial counsel should have. But I can't argue IAC on appeal. Knowing this information, though, this is an abuse of discretion argument based upon the fact that the court knew that there was certain information not before it. And it's not enough for the court to say, well, I'm just not going to consider that. Because this is information that needed to be considered. Could I just ask, since you've already used half your time, maybe getting to another question. Sure. And it really speaks to, again, what counsel did and didn't do. But on the enhancement itself, did counsel object at sentencing to the factual basis or to the court's explanation for the enhancement? No. So we're on plain error review. Or are we on waiver? Well, I would think, my argument to the court is that the government has the burden to prove this six-level enhancement. But prior to sentencing, the government said, we're not going to do it. We believe that we have an evidentiary burden. We are not going to fulfill this evidentiary burden. Which did not make the district court happy. It did not make the district court happy at all. Counsel joined, I guess, into the objections of that enhancement in writing. So the application of the enhancement itself was objected to. On the ground that the government didn't want to go through this procedure because it had already agreed to recommend a 65-month sentence. Correct. Not because the 25-plus victim enhancement was inapplicable or unsupportable. Well, on the ground that the government wasn't going to meet the burden. Well, does that bind the court's hands in terms of sentencing? Well, I acknowledge that the court, the judge is ultimately responsible for determining the facts of a case. I absolutely acknowledge that. But the district court's exercise of that power to establish the relevant facts is still subject to abusive discretion and it still has to be in accord with due process and evidentiary burdens. Well, let me just, on that point. So the government said that at the time of the plea agreement it didn't have the basis on which to establish the enhancement. Objected to the PSR. And the court comes in and says, look, it was upset at the government for having not done that and proceeded itself, working with the pre-sentence report and the materials that had been provided to go ahead and determine that an enhancement could be supported and then imposed the enhancement. And at that point, where was the objection to the procedure that the court used to get to that determination? There was not an objection to the procedure in the court. But your argument on appeal is procedural unreasonableness. Yes. So where are we in terms of how we're reviewing this issue? A couple of answers to that. The court had already... Trial counsel was already unprepared. The court had already said, no more continuances, we're going to go forward with my procedure. Then, kind of without notice, quite frankly, because the government had said, we are not going to present evidence on this. Without notice, the judge said, OK, if you guys aren't going to do it, I'm going to do it myself. The trial counsel absolutely did not say, hold on a minute, judge, I am objecting on procedural grounds. However, he had already objected to the application of that six levels. And I would point the court to a case, honestly, that came out last week. It's United States v. Aragon. And the issue in that case is a little bit similar here because in that case, the court took evidence. It was somewhat similar because the parties had agreed not to apply a certain guideline. Or even to present that additional evidence. Or even present that additional evidence. And the district court said, it's my responsibility to find the facts. So that court specifically questioned the parties. That court took evidence. That court continued the sentencing hearing and gave all parties the time to deal with the situation. This is a little bit different because kind of out of nowhere, where counsel had already requested a continuance, the court out of nowhere kind of said, without notice, I'm going to do this. Okay, so you're making a procedural and a reasonableness argument. Could you be more specific about what the components of that argument are? I know in your brief you talk about the government's burden and shifting the burden. Leaving those aside, the other one I'm hearing now is lack of notice. Would that be one of them? What exactly, you're asking us to reverse on procedural and reasonableness, but what exactly were the procedural shortfalls? The government had the burden in this case to present evidence supporting that 6th level enhancement. The government said he wasn't going to do it. The court stepped in and did it on its own. By doing that, by not making the government uphold its burden, it basically shifted the burden to the defense to, I guess, object to the facts, object to the evidence, object to things, and you can't shift the burden when there's being an enhancement applied. What's the court supposed to do if it thinks the government's dropped the ball and decides to work with probation and whatever else it can do to cobble together what it thinks it needs to do the sentence? Is that really shifting the burden? It is when there's an evidentiary burden in place. The court obviously was concerned. Isn't that what the court did in Aragon? It did, but the court took evidence. There was still a procedure in place. Well, there was evidence taken here. The victim's impact statements were sworn. They were attached to the pre-sentence report. The counsel for the defendant put on the receiver very wisely and asked a bunch of questions. The receiver, well, with regard to the victim impact statements, really what they were, there were some that were victim impact statements. A lot of what they were were checking the box saying, I have been financially harmed. The government was correct when it said, this requires a case-by-case, victim-by-victim analysis to determine there's several factors that the court has to look at in applying this sixth level enhancement. The government said, we are not going to meet that burden. Are you saying that there were a whole bunch of victim impact statements? Are you saying there weren't 25 at least that had the facts in them? I honestly don't know if there were 25. What I know is that there were a lot. If there were 25, doesn't that support the district court's conclusion that there were 25 or more victims who were substantially harmed? But I think, no, because I think that the court has to victim-by-victim, just without looking at certain, I understand that there are certain statements, but there has to be evidence put on, factors, reliable evidence that can then be, I mean I understand. If you want us to reverse the district court, isn't it your burden to tell us why those victim impact statements aren't sufficient? Well, I don't There aren't 25 that are sufficient? There may have been 25 that were sufficient. I don't know that. At the time the court stepped into the role and became the advocate for the government. I understand that the court was concerned I see that my time's up, but can I finish this statement? I understand that the court was concerned about this the nature and what she called the egregiousness of this crime. But instead of stepping into the role of the government and making their evidentiary burden, she could have dealt, the court could have dealt with that by variance. So doing her discretionary variance and fashioning the sentence, as opposed to stepping into the role of an advocate and meeting a governmental burden, that is what the issue is here. Thank you, counsel. Counsel? Members of the court, Jim Murphy, representing the United States. Although counsel starts out first with a continuance, unless the court has a keen interest in that, I'd rather begin with the sixth level of enhancement. I think that's the weight of the issues. The question arose as to the standard of review. Because there was no objection below, no challenge whatsoever to the factual basis for the enhancement, we maintain, obviously, that it's plain error. That then takes us further into the plain error doctrine, and because we're dealing with a factual matter rather than a legal matter, we run into the cases that say that factual matters are not reviewable for plain error. That is a species of waiver. There is no question about it. That doctrine is, to a large extent, dictated by practicality. If they didn't develop a factual record below, we don't know what the factual basis, the judge didn't make rulings, there's nothing for this court to review. Can I just ask on the objection? The government objected to the PSR. They objected to the enhancement. They objected to the enhancements. The defendants joined that objection. There's at least an objection to the enhancements. That's true. Why isn't that enough to enable them to make the arguments they're making now? Because an objection needs to be specific. Actually, this objection was specific. It simply didn't object to the factual basis for the enhancement. It said that we're recommending a lower sentence. The government wanted 65 months. This enhancement, if the government goes forward with the evidence... Wouldn't there have been a factual basis for the enhancement in the PSR? There is. All right. And if they're objecting to the enhancement, why doesn't that objection extend to whatever the factual basis was for the enhancement? Because they didn't say that. The prosecutor just said I'm not going to pursue this issue because we didn't anticipate it in the plea agreement. That was the basis of the objection. The logic of it, from a certain point of view, the district judge did not care for it one bit, but the logic is quite plain. The prosecutor saw no profit in pursuing a hearing to try and present evidence to support a higher sentence than the prosecutor wanted. That's the reason. And the prosecutor didn't say there's no basis, never said there wasn't a basis for it. There was no... The defense counsel certainly didn't do that. So, no. The PSR finding was not itself objected to. But in district court, am I mistaken in thinking I remember that when pressed the AUSA said that, acknowledged to Judge Arguello, that application of this enhancement, the 25 plus victims, would require additional evidence beyond the victim impact statements. And the government was electing not to put on additional evidence. Am I right? There was a statement along those lines. The prosecutor was saying, well, we need to investigate, I think is what she said, and we need to present evidence and we're not going to do that. And so, the appellant is presenting an argument that Judge Arguello relied on the victim impact statements and the attached declarations from the victims and saying essentially that was erroneous. And it sounds to me like the government was acknowledging to the district judge that the evidence that Judge Arguello ultimately relied on was insufficient for the enhancement. Judge Baccarat, prosecutor, never said that. Nor anything close to that. Can we go to the hearing? It's elusively clear at the hearing. The judge does it and there isn't a word of protest from anyone. I agree with that, but I was just trying to get at but I thought that the prosecutor had said when the judge is really pressing AUSA, we would need to present evidence beyond the victim impact statements and we're electing not to do that. I think that overstates it a bit, Judge. Okay. Just a bit. The prosecutor said, well, we'd have to investigate. This was after the pre-sentence report came out. And the prosecutor said first, well, we didn't have these at the time I negotiated the plea agreement. If we're going to support an enhancement like this, we'd need to investigate and we'd need to present evidence and I'm not going to do it, Judge. I'm going to stand by the plea agreement because I didn't have this stuff at the time and the plea agreement that I thought I was negotiating, the defense counsel thought he was negotiating, didn't allow for this enhancement and so, Judge, I'm not presenting the evidence and I'm not going there. That was what the prosecutor was thinking and she did it. It's clear from the record because she felt that that was the right thing to do. She didn't think it was fair. Could I just follow up along the same lines here? I'm looking at the sentencing transcript and so the court points out that the government obviously was not pushing for the enhancement and then took it upon, the court took it upon itself to address this and did and said that the court and the probation office conducted a victim by victim analysis. They looked at the victim impact statements. They said all 63 victims indicated they suffered significant financial loss, so forth and so on and went through that. The findings were quite extensive. Quite extensive, but then but then said to defense counsel you may make any statement for the record. Mr. Hammond, it's the government's objection. The court said I'm sorry, Mr. Hammond, it's the government's objection. The court, you objected as well. I did. Why wasn't that at that point, after the government had gone through the analysis, why wasn't that an objection to what had just happened? In other words, at that point, we don't just have the pre-sentence report, we have the government's analysis of the enhancement, including the victim impact statements, and then there's another statement about the objection. Why didn't that preserve the issue? Are you referring to defense counsel's statement that it's the government's objection? Not just that. I'm sorry. I apologize. I understand. But all I'm saying is that there's reference to both the government's objection and the fact that the defense had joined it after the court had gone through the substantial financial loss victim enhancement evidence. So why at that point why wasn't there a preserved objection at that point? Well, there was a preserved objection to the court imposing the enhancement, but not to the factual basis that the court relied on. No one said a word about the victim. Wasn't that implied in that this exchange came right after the court had gone through the victim-by-victim analysis? Why doesn't that imply an objection to what the court just did? No, Judge, it's not implied at all because all they're doing is referencing what happened before. And we have to look at the ground. I mean, implicitly. Well, is it really? The court turned to defense counsel and said, Mr. Hammond, you may make a statement for the record at this point, after the court had gone through all of this. Yes, but he just said  statements or the court's reliance on them. He just referenced the fact that, well, it's a government's objection. I mean, that's practically a default. I understand your argument, but if we were to get past that, why was the court's approach here procedurally reasonable? Because it was based upon sworn statements attached to the pre-sentence report. I just see no basis for arguing factual... Well, you say in your brief that the court made detailed findings based on the victim impact statements. But I didn't see anywhere on the record here that the court pointed to a specific victim and said this victim suffered financial hardship. It was more of a global well, we have these victim impact statements and we have this information and so we're going to impose the enhancement. Well, that's true, Judge. Well, doesn't the court have to make findings as to which victim suffered substantial financial harm? No. Why not? Because you need 25. Exactly. You got to 25 and you need substantial financial hardship. But which 25 were there? How do we know which 25 they were? You don't because they didn't object. I'm serious. That's not a flippant answer. I'm beyond the objection point. I'm just asking, what was the court supposed to do to be procedurally reasonable had there been an objection? Let's get past the objection for a second. Let's get to the merits. Well, let's suppose there had been an objection and we will speculate, what if they said there aren't really 25? That's an obvious possible objection. Then the judge could have said, okay, let's go through these. And you can go through them. Look, if the government had assumed the burden, wouldn't the government have had to go through these in the first instance and said it's this one, this one and this one? Well, the prosecutor didn't want to go there. And so the court stepped in, in place of the prosecutor. Why didn't the court have to do that? The court didn't have to do it, but the court had a right to do it. What do you mean the court didn't have to do it? Doesn't there have to be a basis for the enhancement somewhere? Judge, we have the victim impact statements. That's what I'm saying. They're sworn and undisputed. Which one? I don't know which victim is one of the 25 from this record. Where do we have that? By the way, what is substantial financial hardship? Did the court ever explain what triggers substantial financial hardship? Isn't that a relative thing, depending on a particular victim's financial circumstances? Well, yes, there are numerous factors. But it might be hardship to one person, isn't hardship to another person. Don't you have to have a finding on that? There are numerous factors that are required to be considered. They're set out in the guideline, and the court recited them. Well, I understand that, but where did the court say anything? Counsel, you're speaking over the question. I apologize. Where is the particularized finding to justify the enhancement on this record? The court's findings were asked to the number and to the nature of the financial hardship. They were detailed. They did not identify the individual victims, but those are identifiable from the record in this court. We really cannot fault the district judge for not providing more details when there was no objection below to what she did. Well, if the government hadn't provided details, and no one else did, how could the government below didn't want an enhanced... No, I understand that, but whether it comes from the government or comes from somewhere else, don't you need a factual basis and particularized findings to impose this enhancement? You certainly do, Your Honor. And do we have that here? And we do have that here. How do we do that? Would we have to go back and kind of piece through the record to make that determination? No, Judge, that would not be appropriate because you're a court of appeals and you don't do fact-finding in the first place. Well, then would we have to remand so that somebody would do it? But... I'm asking whether we... I'm assuming that the objection is preserved. Should this case be remanded so that an adequate record for the enhancement can be made? No, Judge, because the current record is entirely adequate. It was not objected to and the court cannot be faulted. This court has no obligation to go to the pre-sentence report  Nothing in the guideline requires that. No, I'm not suggesting... And there was no objection. The district court did. I'm suggesting that the district court did. There's no reason to send a case back when there was no objection below to the procedures used. Well, you're back to that and that... I understand that argument and I've asked you to kind of move beyond that. You keep coming back to the argument. Let's assume for the sake of discussion that the issue is preserved. Where are we after that? If the issue were preserved then we're still under a clear error standard, which is an extremely high standard. And they have presented no evidence whatsoever in the briefing. Nor do they present evidence below that would impeach in the slightest bit the factual reliability of this. They haven't even attempted to surmount a preserved standard of clear error. Is it really clear error, though, if what we're talking about is the to establish the basis for this enhancement? It's a procedural error being alleged here. Not an error in a factual determination. Trying to get at how the court got to the factual determination. If I understand your position, Judge, you're suggesting that the court's findings are inadequate? Counsel, I'm not taking a position. I'm just asking a question. Okay, I didn't say argument. I said the court's concerns. That seems to be a challenge to the adequacy of the court's findings about the number of victims and whether the financial hardship was substantial. That was never made below, Your Honor. That was never preserved. Okay, I understand. But you keep coming back to the... I understand that point. You've made it multiple times, but I'm not sure you're answering my question. Well, even if it's preserved, Judge Matheson, there has been no argument from the defense in the briefings that the clear error standard has been met by them. They have done nothing whatsoever to try and attack the victim impact statements or the factual basis. Therefore, there is no basis whatsoever for remanding this case. And I would respectfully... I'm trying to do the best I can, Judge, but I think that you're imposing a greater requirement than the guidelines and the law impose with regard to findings. And that argument was not raised in the briefing. If there is any requirement beyond the detailed findings... Well, I think there was an argument about the victim impact statements and whether checking the box is enough. Yeah, I don't recall any factual challenge to those. I don't know that it was factual. I think they're making a procedural reasonableness argument. Yeah. I think we're going around in circles. Yeah, okay. And I see my time is up, Your Honor. If you'd like to make a concluding statement, that's fine. I think I'll just stand on my current remarks. I think the government's position is clear. That based on the record before the court, there was no challenge to these victim impact statements, that the court's findings are entirely adequate, and that issue was not raised in the briefing. So I didn't have an opportunity to look at any further case law about how detailed they need to be, but I don't know why they need to be more detailed when they're not challenging that it was 25, or that it was financial hardship, or that it was substantial. Because they have not challenged that, I would respectfully ask that this court affirm the sentence. Thank you very much. Thank you, counsel. I think we've exhausted everyone's time, and we'll consider the case submitted, and counsel are excused.